**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RODNEY DOUGLAS EAVES,

    Petitioner - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; THE ATTORNEY
GENERAL STATE OF COLORADO,

    Respondents - Appellees.

No. 19-1452
(D.C. No. 1:18-CV-02619-CMA)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Rodney Douglas Eaves, a Colorado state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2254 application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA to appeal "the final order in a habeas corpus proceeding in which

the detention complained of arises out of process issued by a State court"). He also

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

seeks leave to proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under

28 U.S.C. § 1291, we deny both requests and dismiss this matter.[1]

## I.  BACKGROUND

Mr. Eaves is serving a 30-year sentence based on his convictions for

aggravated robbery and other crimes.  After his unsuccessful appeal to the Colorado

Court of Appeals ("CCA"), he applied for federal habeas relief under 28 U.S.C.

§ 2254, asserting 13 claims.  The district court directed the Respondents to file a

pre-answer response addressing timeliness, exhaustion, and procedural default; and it

ordered that Mr. Eaves could file a reply.  After receiving these filings, the court

dismissed as procedurally defaulted (1) the Fourteenth Amendment components of

claims one and two and (2) claims six through thirteen in their entirety.  Mr. Eaves

moved to amend his reply to show that prejudice and miscarriage of justice should

preclude procedural default of these claims.  The court construed the motion as a

request for review of its dismissal order, and denied it because Mr. Eaves was already

afforded an opportunity to make this showing in his reply.  In a separate order, the

court denied relief on the remaining five claims and denied a COA.

---

[1] Because Mr. Eaves is pro se, we construe his filings liberally, but we do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  He is subject to the same procedural rules governing other litigants.  *See United States v. Green*, 886 F.3d 1300, 1307-08 (10th Cir. 2018).

II.**DISCUSSION**

A. *COA Requirement and AEDPA*

To review a § 2254 application, we must grant a COA. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, an applicant must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *Slack v. McDaniel*, 529 U.S. 473, 484. When the district court denied a habeas claim on procedural grounds, the applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *accord Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007). Thus, if an applicant cannot make a showing on the procedural issue, we need not address the constitutional question. *See Slack*, 529 U.S. at 485.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has adjudicated the merits of a claim, a federal district court cannot grant habeas relief on that claim unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). When the district court has denied habeas relief because the petitioner failed to overcome AEDPA, our COA decision requires us to determine whether reasonable jurists could

debate the court's application of AEDPA to the state court's decisions. *Miller-El*, 537 U.S. at 336.

## B. *Analysis*

In his brief to this court, Mr. Eaves challenges the district court's denial of his motion to amend his reply to the Respondents' pre-answer response. But as the district court noted, Mr. Eaves could have made his arguments in his reply brief. No reasonable jurist would debate that the district court acted within its discretion. *See Pittman v. Fox*, 766 F. App'x 705, 721 (10th Cir. 2019) (unpublished) (reviewing for abuse of discretion the denial of a habeas petitioner's motion for reconsideration of district court order).[2] We deny a COA on this issue.

Mr. Eaves also challenges the court's rulings on each of the claims that were not procedurally defaulted. Before turning to those claims, we note that Mr. Eaves repeatedly argues that the CCA did not address his claims in whole or in part. Aplt. Br. at 6, 8, 10, 11, 12. If that were so, he would not need to meet the demanding

---

[2] *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

Mr. Eaves's arguments in his brief to this court are unavailing. He argues that when the CCA struck his original 88-page brief and ordered him to file a 45-page brief, the CCA did not tell him he needed to "concisely present his claims," including those the district court deemed procedurally barred. Aplt. Br. at 3. But federal habeas applicants must exhaust their arguments in the state courts, 28 U.S.C. § 2254(b)(1), and Mr. Eaves does not contend here that he did so in the brief reviewed by the CCA. Mr. Eaves asserts that the district court "misconstrued" his motion and cites Fed. R. Civ. P. 15(a)(2) and *Foman v. Davis*, 371 U.S. 178 (1962). Aplt. Br. at 4. But Rule 15(a)(2) and *Foman* concern amendment of pleadings, not whether a litigant may file an amended brief to contest an order.

AEDPA requirements on federal habeas review. *See Stouffer v. Duckworth*, 825 F.3d 1167, 1179 (10th Cir. 2016) ("[I]f the state court did not decide the claim on the merits, the stringent principles of deference under . . . § 2254 are inapplicable." (quotations omitted)). But Mr. Eaves is mistaken. The district court showed that the CCA addressed each claim, in most instances quoting from the CCA's decision.

But even if the CCA did not fully address one or more of Mr. Eaves's claims, they are still subject to AEDPA review. Where, as here, "a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Johnson v. Williams*, 568 U.S. 289, 298 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 99 (2011)). Mr. Eaves has not overcome this presumption because he has not identified any "state-law procedural principles" or other "indication" showing the state court did not resolve his claim. *Id.* (quoting *Harrington*, 562 U.S. at 99).

We therefore review the claims under §§ 2254(d)(1) & (2) and conclude Mr. Eaves fails to show that reasonable jurists could debate the district court's denial of relief. We therefore deny a COA on all of his claims.

1. **Fourth Amendment Search and Seizure Claim**

The district court denied Mr. Eaves's Fourth Amendment claim alleging illegal searches and seizures because, under *Stone v. Powell*, 428 U.S. 465, 494 (1976), federal habeas relief may not be granted when the state has provided a full and fair opportunity to litigate the claim, and Mr. Eaves has failed to show he was denied that

5

opportunity. The record shows he filed motions to suppress, the state trial court held evidentiary hearings, and he raised his Fourth Amendment claim on appeal. A COA is not warranted because reasonable jurists would not debate the district court's determination under *Stone*.

2. **Fifth Amendment Claim – No Probable Cause Affidavit with Complaint**

The district court rejected Mr. Eaves's argument that his Fifth Amendment rights were violated because the state trial court accepted the criminal complaint and information without a supporting affidavit. The CCA, however, found that a supporting affidavit was filed in the trial court that supported the complaint and information, and the district court, applying AEDPA under § 2254(d)(2), held that Mr. Eaves failed to show this finding was based on an unreasonable determination of facts. *See also United States v. Mechanik*, 475 U.S. 66, 73 (holding conviction by the petit jury shows there was probable cause and renders harmless lack of probable cause for the indictment); *United States v. Hillman*, 642 F.3d 929, 936 (10th Cir. 2011). Mr. Eaves has not shown how reasonable jurists would debate this holding. We deny a COA.

3. **Sixth Amendment Claim – Speedy Trial Violation**

The district court denied habeas relief on Mr. Eaves's speedy trial claim, concluding that he did not show that the CCA's affirmance of the trial court's denial of the claim was contrary to or an unreasonable application of the Supreme Court's decision in *Barker v. Wingo*, 407 U.S. 514 (1972). The district court determined that *Barker*'s four-factor test supported the CCA's decision. For substantially the same

6

reasons as stated by the district court, we agree.  Reasonable jurists would not debate otherwise.  We deny a COA.

4. **Fourteenth Amendment Claim – Right to Discovery**

The CCA rejected Mr. Eaves's claim that he was entitled to discovery of a detective's handwritten and voice-recorded notes when the detective testified they were identical to the typewritten notes that were provided.  The district court said this ruling was consistent with *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988), and therefore Mr. Eaves could not overcome AEDPA review.

The CCA also rejected Mr. Eaves's contention that he was not afforded adequate opportunity to review AT&T records of GPS data.  Although the prosecution did not provide these records in print form, it gave electronic copies to Mr. Eaves's investigator and advisory counsel at least three times.  The district court said that Mr. Eaves had failed to show the CCA's determination of no discovery violation was contrary to or an unreasonable application of clearly established Supreme Court law or was based on an unreasonable determination of facts.

Because the district court's determinations would not be debatable among reasonable jurists, we deny a COA on this issue.

5. **Sixth Amendment Claim – Exclusion of Evidence on an Alternate Suspect Defense**

The CCA affirmed the trial court's decision to quash Mr. Eaves's subpoena for records related to an alleged alternative suspect because it was a "fishing expedition"

7

that contravened state evidence rules and because Mr. Eaves failed to state why he needed the information or how the evidence would connect the suspect to the crime. It also affirmed the trial court's decision to quash Mr. Eaves's subpoenas to eight police officers who did not investigate his robbery case but investigated a case concerning a shooter, where both crimes involved a Nissan. The CCA relied on multiple grounds, including Mr. Eaves's failure to show a non-speculative connection to the alternate suspect and the trial court's determination that the evidence would unduly confuse the jury under Colorado Rule of Evidence 403.

The district court said the state courts concluded that Mr. Eaves's subpoenas requested materials and testimony that were inadmissible under the state rules of evidence. It said Mr. Eaves had failed to show how the exclusion of the evidence was contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of facts. 28 U.S.C. § 2254(d).

In his brief to this court, Mr. Eaves has not made a "substantial showing of" how these state court rulings were a "denial of a constitutional right," 28 U.S.C. § 2253(c)(2), nor has he shown how reasonable jurists would debate the district court's rejection of this claim. We deny a COA.

## III.  CONCLUSION

We deny a COA, deny the request to proceed *ifp*, and dismiss this matter.


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge